# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYSEN ALEXANDER PATTERSON,<br><br>                  Petitioner,<br>v.<br><br>D.W. NEVEN, et al.,<br><br>                  Respondents. | Case No. 2:16-cv-01145-APG-CWH<br><br>**ORDER** |

    Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Jaysen Alexander Patterson, a Nevada state prisoner (ECF No. 1-1). His application to proceed *in forma pauperis* (ECF No. 1) shall be granted. Patterson has moved for a stay of these federal proceedings until his state habeas petition is resolved (ECF No. 3). He notes that the Nevada Supreme Court affirmed his conviction on October 19, 2015, and that he filed a timely state postconviction petition for a writ of habeas corpus on May 11, 2016, which is currently pending in state district court (ECF No. 1-1).[1]

    The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

    In *Pace v. DiGuglielmo*, the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a

---

[1] As the court may take judicial notice of the state-court docket, *see also* Nevada Supreme Court Case No. 64855 and state district court case no. CR15-0274A.

1

"protective" federal petition and ask the federal court for a stay and abeyance. 544 U.S. 408, 416 (2005). *See also, Rudin v. Myles*, 766 F.3d 1161, 1174 (9th Cir. 2014).

Patterson asks this court to consider his federal petition as a protective petition and grant a stay and abeyance until his state-court proceedings conclude (ECF no. 1-1). He appears to misapprehend that the AEDPA statute of limitations may be tolled pending the resolution of a timely state postconviction petition (*see* ECF No. 3, pp. 2-3). Patterson does not argue that it is possible that his state petition could be deemed not properly filed, and therefore, he presents no basis for a protective petition here.

Accordingly, this action shall be dismissed without prejudice to the filing of a new habeas petition in a new action with a new case number at the conclusion of Patterson's state-court proceedings. As indicated, it does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner after petitioner's state-court proceedings conclude. The court notes that petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents. No response is required by respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for stay (ECF No. 3) is **DENIED**.

2

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** without prejudice as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2), motion to supplement petition (ECF No. 4), and motion re default judgment (ECF No. 5) are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that, as reasonable jurists would not find the dismissal without prejudice of this petition to be debatable or wrong, a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 13 October 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE